[No. 1018-3.    Division Three,    April 18, 1975.]

MARGARET GAU et al, *Appellants*, v. WASHINGTON UTILITIES AND TRANSPORTATION COMMISSION, *Respondent.*

*Charles T. Morbeck*, for appellants.

*Slade Gorton, Attorney General*, and *Douglas N. Owens, Assistant*, for respondent.

MUNSON, J.—This appeal originates from a decision by the Washington Utilities and Transportation Commission (hereinafter Commission) to close a highway-railway grade crossing. The appellants sought judicial review of the Commission's determination. RCW 34.04.130(2)[1] requires that all persons aggrieved by a final decision must file petitions for review within 30 days after service of the final decision of the agency. Appellants' petition for review was not filed within 30 days of entry of the Commission's final decision. Their petition was therefore dismissed. This appeal followed.

---

[1]"All petitions [for review by the superior court] shall be filed within thirty days after the service of the final decision of the agency."

On August 9, 1972, the City of Kennewick filed a petition with the Commission to abandon and close the highway-railway crossing within the city. On January 10, 1973, a public hearing was held, at which time several residents of the community protested the closing. As each of the residents testified, he was asked to state his name and address. At the close of the hearing, the examiner present announced: "All *parties* will be advised of the Commission's decision." (Italics ours.) On March 26, 1973, the Commission granted the petition of the City to close the crossing. None of the residents present at the public hearing were notified of the Commission's decision to close the crossing.

Appellants contend that those persons who testified before the Commission were "parties" to the proceeding and therefore entitled to receive notice of the final determination from which they could then have elected to seek timely review. We reverse the decision of the trial court.

RCW 34.04.120 provides in part:

> *Parties* to the proceeding shall be notified of the decision and order in person or by mail. A copy of the decision and order and accompanying findings and conclusion shall be delivered or mailed to each party or to his attorney of record.

(Italics ours.) "Parties" to the Commission's proceeding are defined in WAC 480-08-030 as follows:

> (1) General. "Person" or "party" when used in these rules means *any individual,* corporation, partnership, chamber of commerce, board of trade or any commercial, mercantile, agricultural or manufacturing association, or any body politic or municipal corporation.
>
> (2) Classification of parties. Parties to proceedings before the Commission shall be styled applicants, complainants, petitioners, respondents, intervenors, or protestants, according to the nature of the proceeding and the relationship of the parties thereto.
>
> . . .
>
> (8) Protestants. Persons opposing applications or petitions, . . .

(Italics ours.)

The Commission contends that the residents, though parties within the meaning of WAC 480-08-030(8), did not perfect their status as parties before the hearing examiner and rely upon WAC 480-08-080, which states:

> (1) General. Parties shall enter their appearances at the beginning of the hearing by giving their names and addresses in writing to the reporter who will include the same in the minutes of the hearing. . . . The presiding officer conducting the hearing may, in addition, require appearances to be stated orally, so that the identity and interest of all parties present will be known to those at the hearing.

The Commission therefore contends that the appellants, having failed to comply with this regulation, by not making the necessary formal appearance at the hearing, were not entitled to notice. We disagree.

When the residents testified, they clearly stated their opposition to the petition filed by the City. Upon voicing their opposition, they became protestants within WAC 480-08-030(8). As protestants, they were parties, as defined in WAC 480-08-030(1), and entitled to receive notice of the final decision pursuant to RCW 34.04.120, inasmuch as RCW 34.04.120 does not state, nor require, that only those parties making an "appearance" in an administrative proceeding shall be entitled to notice.

WAC 480-08-080 does not state that failure to enter a written appearance will result in a loss of status as a party entitled to be notified of the decision and order in person or by mail. Without such clarification, these protestants who appeared at this hearing and gave testimony had a right under these rules and RCW 34.04.120 to rely upon the examiner's statement that: "All parties will be advised of the Commission's decision." The examiner did not state that it was necessary to enter a formal appearance, nor can we conclude from our examination of RCW 34.04 and WAC 480-08 that such written appearance is necessary before a party is entitled to notification of the final decision of the Commission.

The parties who testified at the hearing are now entitled to receive notice of the decision of the Commission, from which a timely appeal may be taken.

Judgment reversed.

McINTURFF, C.J., and GREEN, J., concur.

Petition for rehearing denied June 23, 1975.

Review denied by Supreme Court September 5, 1975.